UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN  DIVISION


ADRON LATTLMANE FLOYD,

                    Petitioner,                 Case No. 1:15-cv-1298

v.                                         Honorable Janet T. Neff

LAWRENCE STELMA,

                    Respondent.

_____/


## **OPINION**

           This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2241.  Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed.  Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false.  *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).  After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed without prejudice because it is premature.

**<u>Factual Allegations</u>**

Petitioner is incarcerated at the Kent County Jail. He was arrested on drug charges on October 14, 2015, and is awaiting trial. In his application for habeas corpus relief, Petitioner contends that his arrest was unlawful because, while he admits to selling heroin to an undercover police officer, he contends that an officer told him that he would not be arrested if he provided information about other drug dealers. Petitioner further claims that his trial counsel was ineffective for failing to raise this issue at the probable cause hearing. For relief, Petitioner seeks immediate release from jail and the return of property seized from him upon his arrest.

**<u>Discussion</u>**

Congress's general grant of habeas authority to the federal courts appears in 28 U.S.C. § 2241, which extends the writ to, among others, persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Section 2254 of the habeas statute concerns habeas relief available to a subset of petitioners: those "in custody **pursuant to the judgment of a State court** . . . ." *Id*. § 2254(a) (emphasis added). Although Petitioner remains "in custody," his custody as a pre-trial detainee is not "pursuant to the judgment of a State court." Thus, Petitioner properly filed his habeas petition under § 2241. *See Girts v. Yanai*, 600 F.3d 576, 587 (6th Cir. 2010); *Atkins v. Michigan*, 644 F.2d 543, 546 n.1 (6th Cir. 1981).

Although § 2241 gives the federal courts jurisdiction to consider pretrial habeas corpus petitions, "the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins*, 644 F.2d at 546. "Intrusion into state proceedings already underway is warranted only in extraordinary circumstances." *Id*. Federal habeas corpus

relief is only available to review the merits of a state criminal charge prior to a judgment or conviction by a state court in "special circumstances." *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489 (1973). The Sixth Circuit Court of Appeals has found that a federal court may consider a pretrial habeas corpus petition when the petitioner seeks a speedy trial and has exhausted his available state court remedies, *Atkins*, 644 F.2d at 546-47, seeks to avoid a second trial on the grounds of double jeopardy, *Delk v. Atkinson*, 665 F.2d 90, 93 (6th Cir. 1981); *see also Justices of Boston Mun. Court v. Lydon*, 466 U.S. 294, 300-03 (1984), or faces prejudice from prior ineffective assistance of counsel and due process violations on retrial, *Turner v. Tennessee*, 858 F.2d 1201, 1204 (6th Cir. 1988), *vacated on other grounds*, 492 U.S. 902 (1989). None of the aforementioned exceptions fits the present case.

Additionally, Petitioner has not alleged that he has exhausted his state-court remedies. The federal courts have developed a common-law doctrine of exhaustion to protect the opportunity of the state courts to resolve constitutional issues arising within their jurisdictions and to limit federal interference in the state criminal process. *Atkins*, 644 F.2d at 546. The practical effect of this exhaustion requirement is that review of most claims in habeas is not available before a state trial and appeal of the final judgment at every level of the state-court system. *See, e.g., Adams v. Michigan*, No. 1:06-cv-785, 2006 WL 3542645, at *1 (W.D. Mich. Dec. 7, 2006); *Frazier v. Michigan*, No. 06-cv-11624, 2006 WL 1156438, at * 1 (E.D. Mich. Apr. 28, 2006); *Van Durmen v. Jones*, No. 4:02-cv-184, 2006 WL 322486, at * 2 (W.D. Mich. Feb. 10, 2006). Petitioner's claims may be resolved at his trial or upon appeal of the final-judgment to the state courts. Accordingly, the filing of Petitioner's application for habeas corpus relief will be dismissed without prejudice as premature.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it is premature.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service.  It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court already has determined that the action is so lacking in merit that service is not warranted.  *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr.*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved the issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.* at 467.  Each issue must be considered under the standards set forth by the Supreme

-4-

Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application as premature. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition as premature. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated: February 23, 2016                          /s/ Janet T. Neff_____
                                                  JANET T. NEFF
                                                  United States District Judge